IN THE UNITED STATES DISTRICT COURT
                   FOR THE NORTHERN DISTRICT OF ILLINOIS
                              EASTERN DIVISION

ERIC SAWYER,                      )
                                  )
                 Plaintiff,       )
                                  )
     v.                           )    No.  06 C 750
                                  )
ESURANCE INSURANCE SERVICES, INC.,)
                                  )
                 Defendant.       )

                             MEMORANDUM

     Esurance Insurance Services, Inc. ("Esurance") has filed its

Amended Answer ("AA") to the putative class action brought

against it by Eric Sawyer ("Sawyer"), accompanying the AA with a

Fed. R. Civ. P. ("Rule") 16(c) statement as to (1) a possible

motion for summary judgment and (2) the asserted absence of any

need for discovery for that purpose.  This memorandum is issued

sua sponte to address some problematic aspects of the AA.

     First, Esurance's counsel labors under the misapprehension

that an allegation that might be characterized as a legal

conclusion requires no answer.  Not so--take a look at the first

sentence of Rule 8(b) and at App. ¶2 to <u>State Farm Mut. Auto.

Ins. Co. v. Riley</u>, 199 F.R.D. 276, 278 (N.D. Ill. 2001).  Hence

all of those assertions in Answer ¶¶2, 3, 15-17, 20 and 24-28 are

stricken, and if the AA turns out to require a replacement (more

of this later), those paragraphs will have to be recast

appropriately.

     One other problem with the AA is that immediately after each

of its disclaimers that properly tracks the second sentence of Rule 8(b), the AA goes on with the clause "and so denies the same" or equivalent language (Answer ¶¶4 and 10-12). That is of course oxymoronic--how can a party that asserts (presumably in good faith) that it lacks even enough information to form a <u>belief</u> as to the truth of an allegation then proceed to <u>deny</u> it in the same objective good faith that is required by Rule 11(b)? Accordingly the quoted phrase is stricken in each of those paragraphs of the Answer.

Despite those errors, it may not be necessary for Esurance's counsel to go back to the drawing board. Esurance's other filing will be considered at the status hearing previously scheduled for 8:45 a.m. April 11. If it then appears possible that this action may be summarily dispatched as Esurance urges, there would be no particular reason to compel it to clean up the responsive pleading. Accordingly what has been said here is by way of a memorandum and <u>not</u> a memorandum order.

_____
Milton I. Shadur
Senior United States District Judge

Date: April 8, 2008